## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

LENORA KENNEDY,

    Plaintiff,

        v.

JPMORGAN CHASE, ENRIQUE CAMPOS,
DAVID TOSCANO, and TERELL BUTLER,
in their individual and corporate capacities,
and as aiders and abettors,

    Defendants.

26 Civ. 1239

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, Defendant JPMorgan Chase Bank, N.A. ("JPMC") (incorrectly identified in the Complaint as "JPMorgan Chase"), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby removes this action to the United States District Court for the Southern District of New York from the Supreme Court of New York, County of New York.  The grounds for removal are as follows:

### Procedural History

1.        Plaintiff commenced this action on December 30, 2025, by filing a Summons and Complaint in the Supreme Court of New York, County of New York, captioned as *Lenora Kennedy v. JPMorgan Chase*, Index No. 166674/2025 (the "Complaint" or "Compl.").  In the Complaint, Plaintiff alleges violations of the New York State Human Rights Law (Executive Law § 296, "NYSRHL"), the New York City Human Rights Law (New York City Administrative Code § 8-502(a), "NYCHRL") and the New York Labor Law § 270 ("NYLL").  A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

2.      On January 27, 2025, JPMC was served via process server.  A true and correct copy of the service copy received by JPMC is attached hereto as **Exhibit 2**.

3.      No other proceedings have been held in the Supreme Court of New York, and the document attached as Exhibit 1 constitutes all processes and pleadings filed in the Supreme Court of New York in this matter.

### Grounds for Removal

4.      Defendant removes this action pursuant to 28 U.S.C. § 1441(b) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because this is an action between citizens of different states.  *See* 28 U.S.C. § 1332(a)(1).

### Diverse Citizenship

5.      Upon information and belief, Plaintiff is a citizen of the State of New York.  *See* Compl. ¶ 2.

6.      On January 27, 2025, the Complaint was received via process server and processed by registered agent CT Corporation as service on JP Morgan Chase Bank, N.A.  *See* Exhibit 2.

7.      JPMorgan Chase Bank, N.A. is a citizen of Ohio because its articles of association establish that location as its main office.[1]  *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located").

8.      "In this Circuit, when a plaintiff launches a state court action against multiple defendants, including both in-state and out-of-state residents, an out-of-state residing defendant may remove the case if they effect removal before the plaintiff serves the initial complaint on the

---

[1]    Articles of Incorporation of JPMorgan Chase Bank, N.A., Ex. 1 to Form T-1 (filed with the SEC Sept. 10, 2004), *available at* https://www.sec.gov/Archives/edgar/data/1062336/000119312504207055/dex991.htm.

in-state defendants." *Hardman v. Bristol-Myers Squibb Co.,* No. 18-11223, 2019 WL 1714600, at *1 (S.D.N.Y. Apr. 17, 2019).

9.     Upon information and belief, individual defendants Enrique Campos, Terell Butler, and David Tuscano (incorrectly named in the Complaint as "David Toscano") (collectively, the "Individual Defendants") have not been served with the Summons and Complaint.  Thus, the Court has jurisdiction over this action regardless of the citizenship of the Individual Defendants and removal is proper under 28 U.S.C. § 1441(b).

10.     Because the Individual Defendants have not been served in this action, they do not need to consent to removal.  *In re WorldCom, Inc. Securities Litig.,* 293 B.R. 308 (S.D.N.Y. 2003) (collecting cases); *see also* 28 U.S.C. § 1446(b)(2)(A) (only defendants "*who have been properly joined and served* must join in or consent to the removal of the action") (emphasis added).

### Amount in Controversy

11.     While Defendant denies that Plaintiff is entitled to any damages at all, the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.  Where, as here, the Complaint does not expressly plead a specific amount of damages, a defendant must only show a "reasonable probability" that the amount in controversy exceeds $75,000.  *See Bracken v. MH Pillars Inc.*, 290 F. Supp. 3d 258, 262 (S.D.N.Y. 2017); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014).  The amount in controversy requirement for diversity jurisdiction pursuant to 28 U.S.C. § 1332 "may be met by a combination of economic and non-economic losses…" *Id.  See also Hager v. Steele*, 2020 WL 4345735, at *2 (S.D.N.Y. July 29, 2020) ("When the pleadings themselves are inconclusive as to the amount in controversy, the defendant has the burden of proving that it appears to a reasonable probability that the claim is in

excess of the statutory jurisdictional amount by a preponderance of the evidence.") (internal citations omitted).

12.     Here, based on Plaintiff's allegations, claimed categories of damages, and Plaintiff's salary at the time of her resignation, there is a "reasonable probability" that the amount in controversy exceeds $75,000, exclusive of interest and costs.

13.     Specifically, Plaintiff seeks relief in an unspecified amount for damages including, but not limited to, economic damages, compensatory and punitive damages, and attorney's fees. *See* Compl., pp. 8-12.  To start, Plaintiff's economic damages under both the NYSHRL and NYCHRL could include back pay.  As of Plaintiff's separation of employment on or around August 28, 2024, Plaintiff's annual base salary was $78,800.  *See* Declaration of Conor Crummie ("Crummie Decl.") ¶ 3.  Over seventeen months have passed between Plaintiff's separation date and the filing of this Notice of Removal.  *See id;* Compl. ¶ 29.  Thus, Plaintiff's potential back pay based solely on her salary is over $111,633.33.  *See e.g., Hager*, 2020 WL 4345735, at *2 (analyzing backpay claims in a matter involving alleged violations of the New York State Human Rights Law and explaining "[a] potential award for back pay is calculated from the date that Plaintiff was unlawfully discharged through the date Defendants file the notice of removal"); *Miller-Rivera v. Eddie Jr.'s Sports Lounge, Inc.*, No. 17-CV-0603, 2018 WL 3581735, at *3 (E.D.N.Y. Jan. 2, 2018), *report and recommendation adopted,* No. 17-CV-603, 2018 WL 3581698 (E.D.N.Y. July 25, 2018) (calculating backpay award by multiplying plaintiff's average earnings while employed with the number of weeks of lost employment).

14.     Clearly, Plaintiff's alleged back pay damages, standing alone, meeting the amount-in-controversy requirement.

4

15.     The other categories of damages Plaintiff seeks – including other pecuniary and non-pecuniary compensatory damages, punitive damages, and attorneys' fees – further tips the scale well past the $75,000 threshold.  *See, e.g.*, *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991) ("[I]f punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied."); *Henry v. Warner Music Grp. Corp.*, No. 13-5031, 2014 WL 1224575, at *3 (S.D.N.Y. Mar. 24, 2014) ("Attorneys' fees can be considered as part of the amount in controversy where they are anticipated or awarded in the governing statute."); *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-2543, 2015 WL 2130904, at *2 (S.D.N.Y. May 6, 2015) (considering "future non-economic damages such as pain and suffering" in determining that amount in controversy requirement satisfied for removal).

16.     Accordingly, JPMC removes this action pursuant to 28 U.S.C. § 1441 on the basis that the above-captioned matter is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a), in that it is a suit between citizens of different states and in that the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

## Venue

17.     The United States District Court for the Southern District of New York is the judicial district encompassing the place where the state court action was brought and is pending and is therefore the proper district court to which this case should be removed.  28 U.S.C. § 1441(a).

**Timeliness of Removal**

18.    As required by 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days of the date on which the Complaint was served on JPMC and is therefore timely.

**Written Notice**

19.    In accordance with 28 U.S.C. § 1446(a), Defendant has contemporaneously filed with this Court copies of all process, pleadings, and orders served upon Defendant in the state court action.  *See* Exhibits 1 and 2.

20.    In accordance with 28 U.S.C. § 1446(d), Defendant will file a true and correct copy of this Notice of Removal with the Clerk of the Supreme Court of New York, County of New York, and will promptly give written notice to Plaintiff by contemporaneously serving the Notice of Removal (and all exhibits attached thereto) on counsel for Plaintiff.

21.    By filing a Notice of Removal in this matter, Defendant does not waive its rights to assert any and all defenses and/or objections in this case.  The undersigned are counsel for and are duly authorized to effect removal on behalf of Defendant.

**WHEREFORE,** Defendant respectfully requests that the above-captioned action now pending in the Supreme Court of New York, County of New York, be removed to the United States District Court for the Southern District of New York, and that said Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated: February 13, 2026

**MORGAN, LEWIS & BOCKIUS LLP**

*/s/ Melissa C. Rodriguez*
Melissa C. Rodriguez
Hanna E. Martin
101 Park Avenue
New York, NY 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001
melissa.rodriguez@morganlewis.com
hanna.martin@morganlewis.com

*Attorneys for Defendant JP Morgan Chase Bank, N.A.*

7