# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------- x
**LENORA KENNEDY,**

             **Plaintiff,**                          Index. No.

            - against –                          **SUMMONS**

**JP MORGAN CHASE, ENRIQUE CAMPOS,
DAVID TOSCANO, and TERELL BUTLER,**
in their individual and corporate capacities, and
as aiders and abettors,

            **Defendants.**
-------------------------------------------------------------------- x

To the Person(s) Named as Defendant(s) Above:

    **PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** to answer the complaint of the plaintiff(s) herein and to serve a copy of your answer on the plaintiff(s) at the address indicated below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

    **YOU ARE HEREBY NOTIFIED THAT** should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated:    December 30, 2025

                                            CSI GROUP LAW FIRM P.C.
                                          Attorneys for Plaintiff

                                   By: s// <u>Marc W. Garbar</u>
                                            Marc W. Garbar, Esq.
                                            112 West 34th Street
                                            New York, New York 10120
                                            (212) 688-8111
                                            mgarbar@csiglf.com

To:     **JP Morgan Chase**
            **283 Madison Avenue**
            **New York, NY 10017**

**Enrique Campos c/o JP Morgan Chase**
**283 Madison Avenue**
**New York, NY 10017**

**David Toscano c/o JP Morgan Chase**
**283 Madison Avenue**
**New York, NY 10017**

**Terell Butler c/o JP Morgan Chase**
**283 Madison Avenue**
**New York, NY 10017**

**Venue:  Plaintiff designates New York County as the place for trial.  The basis of this designation is defendants' residence in New York County.**

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
-------------------------------------------------------------------- x
**LENORA KENNEDY,**

            **Plaintiff,**

     - against –

**JP MORGAN CHASE, ENRIQUE CAMPOS,
DAVID TOSCANO, and TERELL BUTLER,**
in their individual and corporate capacities, and
as aiders and abettors,

            **Defendants.**
-------------------------------------------------------------------- x

Index. No.

**COMPLAINT AND
JURY DEMAND**

Plaintiff, through her attorneys, CSI Group Law Firm, P.C., respectfully complains against defendants, as follows:

## NATURE OF THE CASE

1. This is an action arising under the New York State Executive Law, N.Y. Exec. Law §290, *et seq.* ("NYSHRL"), the New York City Human Rights Law N.Y.C. Admin Code §8-107, *et seq.* ("NYCHRL"), and the New York Labor Law §740, *et seq.* ("NYLL"), seeking damages to redress the harms and losses that plaintiff suffered because of unlawful workplace practices, perpetrated and ratified by defendants on the basis of plaintiff's gender and defendants' further retaliation against plaintiff in response to her complaints of and opposition to discriminatory conduct.

## PARTIES

2. Plaintiff Lenora Kennedy ("plaintiff" or "Kennedy") is an individual residing in the State of New York and can be reached through her attorneys at 112 West 34 Street, New York, New York 10120.

3. Defendant JP Morgan Chase ("Chase" or "defendant Chase") is a corporation with substantial operations in the State of New York and does business at 283 Madison Avenue, New York, New York 10017.

4. Upon information and belief, defendant Enrique Campos ("Campos" or "defendant Campos") is an individual residing in the State of New York. He is sued in his individual capacity and official capacity as a manager at defendant Chase.

5. Upon information and belief, defendant David Toscano ("Toscano" or "defendant Toscano") is an individual residing in the State of New York. He is sued in his individual capacity and official capacity as a Trade Analyst at defendant Chase.

6. Upon information and belief, defendant Terell Butler ("Butler" or "defendant Butler") is an individual residing in the State of New York. He is sued in his individual capacity and official capacity as a Trade Analyst at defendant Chase.

## MATERIAL FACTS

7. On or about February 18, 2020, plaintiff commenced her employment with defendant Chase as an Associate Banker.

8. Throughout the course of her employment relationship with defendants, plaintiff was considered a stellar employee, as she maintained an unblemished performance record.

9. Nevertheless, as set forth below, in retaliation for her complaints of a hostile work environment, sexual harassment, and violations of the various statutes cited above, defendants constructively discharged plaintiff.

10. Sometime after plaintiff commenced her employment relationship with defendants, plaintiff's manager, defendant Campos, created a hostile work environment by subjecting plaintiff to relentless sexual harassment accompanied by a litany of sexist remarks.

11. Defendant Campos attempted to coerce plaintiff into facilitating an extramarital affair with their colleague, reminding her that New York "[i]s a right to work state" and that defendant Campos could "fire her at any time."

12. In addition, defendant Campos would routinely inspect what plaintiff wore to work, forcing her to stand in front of him and spin around.

13. Defendant Campos would comment "[o]kay, very nice" or "[l]ooks good" when plaintiff was facing away from him, clearly ogling at her backside.

14. When plaintiff eventually refused defendant Campos' request for inspection after growing tired of being routinely harassed and objectified, defendant Campos attempted to coerce her into submitting to his harassment by again reminding plaintiff that New York "[i]s a right to work state."

15. Clearly, defendant Campos was intimating that if plaintiff did not do as she was told, *quid pro quo* sexual harassment, plaintiff would be terminated.

16. Sometime thereafter, plaintiff sought refuge from the sexual harassment and ubiquitous workplace hostility she endured at Chase via defendant Campos by transitioning into a Trade Analyst role.

17. Plaintiff was shocked to discover that, upon her transition, the sexism and mistreatment to which she was subjected as an Associate Banker persisted.

18. Plaintiff's colleagues, defendants Toscano and Butler, greeted her by informing plaintiff that their team was a "[b]oys club" and that they "[h]ad to get used to having a woman on the team."

19. From there, plaintiff encountered additional disparate treatment on account of her gender as she was often reminded to "[s]mile" on Zoom calls because "[m]en like seeing a smiling face on these calls."

20. In protest, plaintiff responded that she didn't see any of her male colleagues smiling and that such comments had nothing to do with her work.

21. Plaintiff's comment was dismissed, as defendant Terell thought nothing of the comment and obnoxiously reasoned, "[I] know women can be sensitive."

22. The penultimate instance of sexual harassment that befell plaintiff at Chase via defendant Butler occurred when plaintiff was berated by defendant Butler for taking a sick day.

23. Defendant Butler demanded an explanation as to why plaintiff fell ill, rendering her unable to come to the office.

24. Plaintiff reluctantly responded as she deemed such matters too personal to discuss with her coworkers, and on account of her recent menstruation, she became sick and was unable to work.

25. After plaintiff was forced to discuss her menstrual cycle, defendant Butler would routinely inquire as to when plaintiff began menstruating, pointing to her vagina and asking "[h]ow are things going down there?"

26. Thereafter, defendant Butler began paying close attention to plaintiff's physical appearance and monitoring plaintiff's eating habits.

27. Defendant Butler stated, "[h]aving meat on [plaintiff's] bones was good but not too much meat," and commented on every meal plaintiff brought by questioning her whether her meal "was healthy."

28. Tragically, as a result of defendant Butler's comments, plaintiff developed an unhealthy relationship with food and nutrition, where, to date, plaintiff has lost approximately 100 pounds.

29. On or about August 28, 2024, after plaintiff consulted with her treating physician and was diagnosed with chronic occupational stress and a panic disorder stemming from the unrelenting abuse she received at work, plaintiff was left with no other choice other than to immediately, terminate her employment with defendant Chase, *i.e.* constructive discharge.

30. Immediately preceding such constructive discharge, defendants Campos, Toscano, and Butler, met and collaborated with defendant Chase to orchestrate plaintiff's termination, and defendants Campos, Toscano and Butler exercised discretion, control and influence over the collective decision by defendants, including defendant Chase, to constructively terminate plaintiff's employment.

**FIRST CAUSE OF ACTION**
**Hostile Work Environment**
**Pursuant to New York State Human Rights Law, N.Y. Exec. Law§ 296, *et seq,* and New York City Human Rights Law, N.Y.C. Admin Code§ 8-107, *et seq,***
**against all defendants**

31. Plaintiff repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

32. By the actions described above, defendants subjected plaintiff to a hostile work environment based on plaintiff's gender because they were aware of the severe and pervasive harassment and discrimination that plaintiff experienced while working for defendants, took no corrective action to prevent such harassment and discrimination from reoccurring in the future, and continued to repeatedly and knowingly perpetrate such harassment and discrimination and/or

send plaintiff into an environment where it was likely she would be harassed and/or discriminated against based on her gender.

33. As a direct and proximate result, plaintiff suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, stress, anxiety, depression, embarrassment, loss of self-esteem, loss of appetite, loss of sleep, emotional pain and suffering, and other stress-related ailments.

WHEREFORE, plaintiff demands judgment against defendants on this count for:

 i. Compensatory damages;
 ii. Non-compensatory damages;
 iii. Emotional distress damages;
 iv. Punitive damages;
 v. Attorneys' fees;
 vi. Costs;
 vii. Interest; and
 viii. Such other and further relief as the Court deems fair and equitable.

**SECOND CAUSE OF ACTION**
**Quid Pro Quo Sexual Harassment**
**Pursuant to New York State Human Rights Law, N.Y. Exec. Law§ 296, *et seq,* and New York City Human Rights Law, N.Y.C. Admin Code§ 8-107, *et seq,*
against all defendants**

34. Plaintiff repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

35. By the actions described above, plaintiff was subjected to unwanted sexual conduct and contact while employed at defendants, and her reactions and willingness to

acquiesce to such conduct directly impacted the compensation, terms, and conditions of her employment.

36. As a direct and proximate result, plaintiff suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, stress, anxiety, depression, embarrassment, loss of self-esteem, loss of appetite, loss of sleep, emotional pain and suffering, and other stress-related ailments.

WHEREFORE, plaintiff demands judgment against defendants on this count for:

i. Compensatory damages;
ii. Non-compensatory damages;
iii. Emotional distress damages;
iv. Punitive damages;
v. Attorneys' fees;
vi. Costs;
vii. Interest; and
viii. Such other and further relief as the Court deems fair and equitable.

### THIRD CAUSE OF ACTION
**Gender Discrimination**
**Pursuant to New York State Human Rights Law, N.Y. Exec. Law§ 296, *et seq,* and New York City Human Rights Law, N.Y.C. Admin Code§ 8-107, *et seq,* against all defendants**

37. Plaintiff repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

38. By the actions described above, defendants discriminated against plaintiff on the basis of her gender by subjecting her to terms and conditions of employment that were inferior to those of similarly situated male employees.

39. As a direct and proximate result, plaintiff suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, stress, anxiety, depression, embarrassment, loss of self-esteem, loss of appetite, loss of sleep, emotional pain and suffering, and other stress-related ailments.

WHEREFORE, plaintiff demands judgment against defendants on this count for:

    i. Compensatory damages;

    ii. Non-compensatory damages;

    iii. Emotional distress damages;

    iv. Punitive damages;

    v. Attorneys' fees;

    vi. Costs;

    vii. Interest; and

    viii. Such other and further relief as the Court deems fair and equitable.

### FOURTH CAUSE OF ACTION

**Aiding and Abetting Sexual Harassment and Gender Discrimination
Pursuant to New York State Human Rights Law, N.Y. Exec. Law§ 296, *et seq,* and
New York City Human Rights Law, N.Y.C. Admin Code§ 8-107, *et seq,*
Against all individual defendants**

40. Plaintiff repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

41. By the actions described above, defendants Campos, Toscano and Butler aided and abetted in the sexual harassment and gender discrimination perpetrated against plaintiff by condoning, encouraging, and allowing such conduct.

42. As a direct and proximate result, plaintiff suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, stress, anxiety, depression,

embarrassment, loss of self-esteem, loss of appetite, loss of sleep, emotional pain and suffering, and other stress-related ailments.

WHEREFORE, plaintiff demands judgment against defendants on this count for:

i. Compensatory damages;

ii. Non-compensatory damages;

iii. Emotional distress damages;

iv. Punitive damages;

v. Attorneys' fees;

vi. Costs;

vii. Interest; and

viii. Such other and further relief as the Court deems fair and equitable.

## FIFTH CAUSE OF ACTION
**Retaliation and Unlawful Termination
Pursuant to New York State Human Rights Law, N.Y. Exec. Law § 296, *et seq,*
New York City Human Rights Law, N.Y.C. Admin Code § 8-107, *et seq,* and
New York Labor Law, N.Y.L.L. § 740, *et seq,*
against all defendants**

43.   Plaintiff repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

44.   By the actions described above, defendants retaliated against plaintiff by deliberately and methodically causing plaintiff to have no choice but to constructively discharge her employment following defendants' ubiquitous harassment, discrimination, and disparate treatment of plaintiff on account of her gender.

45.   As a direct and proximate result, plaintiff suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, stress, anxiety, depression, embarrassment, loss of self-esteem, loss of appetite, loss of sleep, emotional pain and

suffering, and other stress-related ailments.

WHEREFORE, plaintiff demands judgment against all defendants on this count for:

i. Compensatory damages;

ii. Non-compensatory damages;

iii. Emotional distress damages;

iv. Punitive damages;

v. Attorneys' fees;

vi. Costs;

vii. Interest; and

viii. Such other and further relief as the Court deems fair and equitable.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests judgment as follows:

A. A declaratory judgment that the actions, conduct and practices of defendants complained of herein violate the laws of the State of New York;

B. An injunction and order permanently restraining defendants and their partners, officers, owners, agents, successors, employees and representatives, and any and all persons acting in concert with them, from engaging in any such further unlawful conduct, including the policies and/or practices complained of herein;

C. An award of damages against defendants for an amount to be proven at trial, plus interest, to compensate for all monetary and/or economic damages, including, but not limited to, loss of past and future income, wages, compensation and other benefits of employment;

D. An award of damages against defendants for an amount to be proven at trial, plus interest, to compensate for all non-monetary and compensatory damages, including but not limited

to, compensation for plaintiff's mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress;

      E.      An award of damages against defendants for an amount to be proven at trial, plus interest, for any and all other monetary and non-monetary losses suffered by plaintiff, including, but not limited to, reputational harm and harm to professional reputation;

      F.      An award of punitive damages against defendants for an amount to be determined by a jury;

      G.      Prejudgment and post-judgment interest on all amounts due;

      H.      An award of costs that plaintiff incurred in this action, including, but not limited to, plaintiff's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

      I.      Such other and further relief as the Court may deem just and proper.

Dated: December 30, 2025

Respectfully submitted,

CSI Group Law Firm, P.C.
*Attorneys for Plaintiff*

By: s// <u>Marc W. Garbar</u>
      Marc W. Garbar, Esq.
      112 West 34th Street
      New York, New York 10120
      (212) 688-8111